UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER WHITE,

        Plaintiff,

v.                                                   Case No:   6:16-cv-1789-Orl-22GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Jennifer White (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Social Security disability insurance benefits and Supplemental Security Income. Doc. No. 1; R. 13. Claimant alleges a disability onset date of January 15, 2013. R. 13, 264, 267. Claimant argues that the decision by the Administrative Law Judge (the "ALJ") should be reversed because of the following: (1) the decision was signed by a different ALJ than the one that held the hearing, and the procedures that permit this were not followed; (2) the ALJ failed to set forth the weight she gave to various medical opinions; (3) substantial evidence does not support the ALJ's residual functional capacity ("RFC") finding; and (4) substantial evidence does not support the ALJ's credibility determination. Doc. No. 22 at 22, 24-26, 35, 41. Because the ALJ did not state the weight she afforded various medical opinions, including those of Claimant's treating doctors, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

I.    **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

Claimant gives four reasons supporting reversal of the ALJ's decision: (1) the decision was signed by a different ALJ than the one that held the hearing, and the procedures that permit this were not followed; (2) the ALJ failed to set forth the weight she gave to various medical opinions; (3) substantial evidence does not support the ALJ's RFC finding; and (4) substantial evidence does not support the ALJ's credibility determination. Doc. No. 22 at 22, 24-26, 35, 41.

### A.   The ALJ Signature on the Decision

ALJ Kim K. Griswold heard the evidence at the administrative hearing, and the decision denying benefits is purportedly by her. R. 12, 25, 32, 34. The decision is signed in the following

manner: "Addison C.S. Masengill for Kim K. Griswold." R. 25. A footnote to the signature states, "Following her extensive review of the matter prior to drafting exhaustive instructions and review of the draft itself, the ALJ who held the hearing has authorized the HOCALJ[1] to sign the decision on her behalf as permitted under HALLEX[2] I-2-8-40." R. 25 n.1.

HALLEX I-2-8-40 has specific requirements for a HOCALJ to sign a decision on an unavailable ALJ's behalf. *Cohan v. Comm'r of Soc. Sec.*, No. 6:10-CV-719-ORL-35, 2011 WL 3319608, at *3 (M.D. Fla. July 29, 2011).

> [I]f the ALJ has reviewed the final decision draft but is unavailable to sign the final decision, the HOCALJ has the authority to sign the final decision/order on behalf of the unavailable ALJ, if the ALJ gave the HOCALJ prior affirmative written authorization to sign the decision/order for the ALJ, which must be in an email or fax or other writing and signed with a "wet" signature (for non-email); a rubber stamp or other mechanical signature is not accepted or authorized under any circumstances.

*Id.* HALLEX I-2-8-40 does not carry the force of law. *See George v. Astrue*, 338 F. App'x 803 (11th Cir. 2009) ("even if we assume that § I–2–8–40 of HALLEX carries the force of law-a very big assumption-the ALJ did not violate it").[3] "[R]emand is required [if HALLEX I-2-8-40 is not followed] only if the ALJ (or AC) violates the procedures in the HALLEX and only if the violation prejudices the claimant." *Cohan*, No. 6:10-CV-719-ORL-35, 2011 WL 3319608 at *5. The violation does not prejudice the claimant if the ALJ's credibility determination is based on the documents in the record, rather than the claimant's behavior at the administrative hearing. *Id.*

---

[1] Hearing Office Chief ALJ. *Estep v. Astrue*, No. 2:11-0017, 2013 WL 212643, at *11 (M.D. Tenn. Jan. 18, 2013), *report and recommendation adopted sub nom. Estep v. Colvin*, No. 2:11-CV-00017, 2013 WL 2255852 (M.D. Tenn. May 22, 2013).

[2] SSA Office of Disability Adjudication and Review, Hearing, Appeals and Litigation Law Manual. *Cohan v. Comm'r of Soc. Sec.*, No. 6:10-CV-719-ORL-35, 2011 WL 3319608, at *3 n.2 (M.D. Fla. July 29, 2011).

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Here, there is nothing in the record regarding whether ALJ Griswold gave HOCALJ Massengill prior affirmative written authorization to sign the decision. Thus, the record does not support compliance with HALLEX I-2-8-40. Claimant does not demonstrate how she was prejudiced by the failure to follow the administrative regulation; instead, she simply alleges that her due process rights were violated. Doc. No. 22 at 22. The ALJ discounted Claimant's credibility, but the credibility determination was based on Claimant being able to take care of herself and drive short distances, her treating sources not providing her with an assistive device for ambulation or imposing functional limitations, "the actual clinical findings and treatment," and Claimant "consistently exhibit[ing] full motor strength in the lower extremities, as well as normal sensory and neurologic exams." R. 19. None of the reasons given for discrediting Claimant are based on her testimony or demeanor at the administrative hearing. Claimant fails to show prejudice resulting from the ALJ not following HALLEX I-2-8-40, and thus remand is not required for this reason. *Estep v. Astrue*, No. 2:11-0017, 2013 WL 212643, at *12 (M.D. Tenn. Jan. 18, 2013), *report and recommendation adopted sub nom. Estep v. Colvin*, No. 2:11-CV-00017, 2013 WL 2255852 (M.D. Tenn. May 22, 2013) (finding no prejudice where one ALJ signed the decision for another, because in determining claimant's credibility, the ALJ relied on the claimant's testimony at the hearing and her medical records, and there was no mention of her demeanor at the hearing in the decision); *but see Cohan*, No. 6:10-CV-719-ORL-35, 2011 WL 3319608 at *6 (plaintiff was prejudiced when ALJ's decision was signed by another ALJ "when the ALJ's credibility determination specifically relied on observations of Plaintiff's demeanor at the hearing.").

### B. Failure to State the Weight Given to Medical Opinions

Claimant's second argument is that the ALJ did not articulate the weight that she afforded the medical opinions from Todd Malvey, M.D., Atul Bhat, M.D., and Antje Barreveld, M.D.,

among others. Doc. No. 22 at 24. The doctors treated Claimant for her pain, Dr. Norton performed injections on Claimant to attempt to alleviate her pain, and Dr. Ty performed her surgeries. R. 53, 917, 919-20, 922, 924, 926-27, 930, 933.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without those reasons, the reviewing court cannot determine whether the ALJ's decision was rational and supported by substantial evidence, and it will not affirm, even if there is some basis that supports the ALJ's decision. *Id.*

In cases like this one, involving the ALJ's handling of medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x 929, 931 (11th Cir. Aug. 14, 2013). In *Winschel*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions; the statement constitutes an opinion, which requires the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). Medical opinions are judgments regarding the nature and severity of the claimant's impairments. *Lara v. Comm'r of Soc. Sec.*, No. 16-16247, 2017 WL 3098126, at *5-6 (11th Cir. July 21, 2017) ("A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments."). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*,

786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

Dr. Malvey began seeing Claimant on June 20, 2014. R. 932. In 2014, he diagnosed Claimant with depression with anxiety, fibromyalgia, tobacco use disorder, and inflammation of the sacroiliac joint NOS. R. 917, 922, 924, 930, 933. After that first appointment, Dr. Malvey stated that he did not have "much new to offer" Claimant regarding her chronic pain, as she previously tried many pain medications, injections, and surgeries. R. 933. On July 1, 2014, Dr. Malvey stated that he did not have any new recommendations for pain management due to Claimant's history of poor results and insurance restrictions. R. 930. Dr. Bhat, to whom Dr. Malvey referred Claimant, wrote that he recommended to Claimant that she discontinue her injections and instead pursue SI fusion surgery. R. 919-20. On July 10, 2014, Dr. Barreveld saw Claimant and opined that she has fibromyalgia and chronic hip/back pain. R. 926-27. Dr. Barreveld stated that injections relieve Claimant of the pain, but the relief does not last. R. 927. He commented that Claimant is "in significant distress surrounding her pain and is often very tearful and agitated." *Id.* Past procedures did not relieve the pain for more than a few days. *Id.* Dr. Barreveld said that he would not want to repeat past interventions, as the relief was brief. *Id.*

These treatment notes from Dr. Malvey, Dr. Bhat, and Dr. Barreveld constitute medical opinions because they contain statements regarding the severity of Claimant's condition, diagnoses, and prognoses. *See Winschel*, 631 F.3d at 1178-79; *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834-35 (11th Cir. 2011) (reversing ALJ's decision where ALJ did not reference treating physician's medical opinion that claimant "would need medications, therapy, and injections for the rest of his life . . . ."). Despite these medical opinions from treating doctors being in the record, the ALJ did not assign any weight to them. In response to Claimant's argument that

the ALJ did not set forth the weight given to the various doctors' medical opinions, the Commissioner argues that the ALJ's decision makes it clear that she considered the medical opinions. Doc. No. 22 at 30. Although there is some discussion of Dr. Malvey's notes in the decision, the ALJ does not assign a weight to any of these doctors' medical opinions. R. 21. Without an explanation of the weight given the medical opinions or the reasons therefor, the Court cannot determine whether the ALJ's decision was rational and supported by substantial evidence.

The Commissioner also argues that Claimant does not show that the medical opinions undermined the ALJ's findings or were inconsistent with them, and thus any error is harmless. Doc. No. 22 at 31-33. Dr. Malvey diagnosed Claimant with depression with anxiety. R. 917, 922, 924, 930, 933. The ALJ did not find that depression was a severe impairment or even mention Claimant's depression diagnosis in the decision.[4] R. 15. Thus, there is an inconsistency between Dr. Malvey's opinion and the ALJ's findings. Despite this inconsistency, the ALJ did not state the weight she accorded Dr. Malvey's opinion or why she accorded it a particular weight.

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).

The ALJ must "clearly articulate the reasons" (i.e. good cause) for giving a treating doctor's opinion less than substantial weight. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Failure to do so is reversible error. *Id.* When the ALJ clearly articulates "specific reasons for failing

---

[4] In Claimant's April 28, 2013 Application for Supplemental Security Income, she lists back and hip pain and depression as her illnesses, injuries, or conditions. R. 257.

to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Gilabert v. Comm'r of Soc. Sec.*, 396 F. App'x. 652, 655 (11th Cir. 2010). Here, the ALJ failed to articulate the weight given Dr. Malvey's, Dr. Bhat's, and Dr. Barreveld's opinions or reasons for according them less than substantial weight. This is reversible error.

### C.  RFC and Credibility Determinations

Claimant's final arguments are that substantial evidence does not support the ALJ's RFC and credibility determinations. Doc. No. 22 at 35, 41. Claimant fails to state how the ALJ's determinations in these areas are not supported by substantial evidence. In discussing Claimant's credibility, Claimant describes evidence supporting a favorable credibility determination, but does not articulate how the ALJ's unfavorable credibility determination was not supported by substantial evidence, other than generalizing that "there is simply no justification for the ALJ's credibility finding." Doc. No. 22 at 41. The standard of review is whether substantial evidence supports the ALJ's determination, not whether substantial evidence supports Claimant's position. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (affirmance is warranted even if evidence preponderates against the Commissioner's decision, so long as it is supported by substantial evidence). Claimant's arguments ask the Court to reweigh the evidence, which it is not permitted to do. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). As Claimant failed to demonstrate that the ALJ's RFC and credibility determinations were not supported by substantial evidence, it is recommended that the Court reject these arguments for reversal.

### III.    CONCLUSION.

For the reason stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on October 20, 2017.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Katherine O. Palacios-Paredes
14221 S.W. 120th St., Suite 228
Miami, FL 33186

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
John C. Stoner, Acting Deputy Regional Chief Counsel

Megan E. Gideon, Branch Chief
Jillian Nelson, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Kim K. Griswold
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Suite 450
1441 Main St.
Springfield, MA 01103-9951